NOT DESIGNATED FOR PUBLICATION

Nos. 125,959
125,960

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORDAN K. YARDLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Submitted without oral argument. Opinion filed March 15, 2024. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., MALONE, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM: Jordan K. Yardley appeals the district court's revocation of his probation in two cases consolidated on appeal. Yardley argues the district court's revocation of his probation was an abuse of discretion because no reasonable person would have agreed with the district court's decision. After reviewing the record, we find no error and affirm the district court.

1

In Sedgwick County District Court, Yardley pleaded no contest to one count of aggravated battery and one count of aggravated endangerment of a child for acts he committed in May and June of 2019. On the same day, Yardley pleaded no contest in a separate case to one count each of aggravated domestic battery, aggravated battery, violation of a protective order, and six counts of misdemeanor domestic battery for acts he committed between August 2016 and August 2019.

Following the parties' plea agreement, the district court granted Yardley's motion for a downward dispositional departure in both cases, placed Yardley on probation for 60 months, and ordered that his sentences run concurrent. Yardley's controlling prison term was 136 months.

Yardley did not do well on probation. About five months into his probation term, Yardley's intensive supervision officer (ISO) filed an arrest warrant alleging Yardley violated the conditions of his probation in three ways: (1) committing a new crime—aggravated battery; (2) entering an establishment whose primary source of income is from the sale of alcohol; and (3) staying out past his curfew. Yardley's ISO subsequently filed a second arrest warrant alleging Yardley again committed new crimes: simple battery and destruction of property.

Yardley denied the allegations, and an evidentiary hearing was held. Following the hearing, the district court found that Yardley violated the conditions of his probation as alleged in the arrest warrants. In revoking Yardley's probation and imposing the original underlying prison term, the district court referenced the severity and violence of the underlying crimes and the safety risk Yardley posed to the public:

"The plea agreement in this case, upon review, indicates that in the event the defendant was in violation of probation he would not ask for a sentence modification and would do the entire underlying sentence. Given Mr. Yardley's behavior, I'm having trouble thinking of a case of somebody, of mine, at least, that has had more chances and has acted so egregiously out of bounds as consistently and as quickly as Mr. Yardley has.

. . . .

"I am, therefore, going to impose the original underlying sentence without modification. The grounds for the imposition would be that the defendant committed a new crime. And the intermediate sanctions are not required because probation was granted as a result of a dispositional departure.

"That is a big step. I rarely do that. But considering the gravity of the underlying offenses, he was already a Criminal History A at the time of sentencing in these cases, and the risk that he continues to put the public, not through his drug use, but through his violence, Mr. Yardley is a significant—significant community safety risk and I do not believe that any other sentence is appropriate."

Yardley timely appealed the district court's revocation of his probation in both cases, and this court consolidated the cases on appeal.

ANALYSIS

*The district court did not abuse its discretion in revoking Yardley's probation.*

*Standard of Review and Governing Law*

Once a probation violation has been established, the district court has discretion to revoke probation and impose the underlying sentence unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015) ("Once a probation violation has been established, whether to revoke the defendant's probation is a discretionary decision for the district court unless a statute specifically provides otherwise."), *rev. denied* 304 Kan. 1018

3

(2016). Appellate courts review "the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion." *Tafolla*, 315 Kan. at 328. "A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact." 315 Kan. at 328. Therefore, "[u]nless the district court has made a legal or factual error, an appellate court may find an abuse of discretion only when no reasonable person would agree with the district court's decision." *Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4. Yardley bears the burden of establishing such abuse of discretion. See *Tafolla*, 315 Kan. at 328.

"Probation from serving a sentence under Kansas law is generally considered 'an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege and not as a matter of right.'" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006) (quoting *State v. Lumley*, 267 Kan. 4, 8, 977 P.2d 914 [1999]).

*Discussion*

Yardley does not challenge the district court's findings that he violated the conditions of his probation. Nor does he contend there was any statutory restriction that limited the court's discretion to revoke probation. And Yardley does not otherwise claim the district court's revocation of his probation was based upon a legal or factual error. Therefore, we can only reverse the district court's revocation of Yardley's probation and imposition of the underlying prison term if no reasonable person would agree with the district court's decision. See *Tafolla*, 315 Kan. at 328; *Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4.

Yardley's sole claim is that the district court's decision was arbitrary, fanciful, or unreasonable because no reasonable person would have agreed with the decision to revoke his probation without first imposing a lesser sanction. Yardley argues:

"When the district court initially granted Mr. Yardley's probation, it did so because it recognized Mr. Yardley's need to access community based resources to address his substance abuse addiction, mental health, and anger management. Regrettably, it appears Mr. Yardley relapsed and began using drugs and alcohol during the course of his probation. However, it also appears [that] Mr. Yardley excelled during the period of time where he was sober and engaging in treatment. During that time, Mr. Yardley was fully employed and completed multiple programs.

"Under the circumstances, a reasonable person would have concluded Mr. Yardley's rehabilitation would be better served by the imposition of an intermediate sanction and reinstatement of probation where the district court could monitor Mr. Yardley's compliance with his drug and alcohol treatment. And given that community programs existed for Mr. Yardley to address these issues while on probation, no reasonable person would have agreed with the district court's decision to revoke Mr. Yardley's probation and impose his 11-year sentence. Therefore, the district court abused its discretion when it revoked Mr. Yardley's probation . . . . [Citations omitted.]"

The State responds:

"[T]he district court was well within its discretion by revoking probation and determining that defendant should serve his sentence. . . .

"The district court's decision to revoke probation under these circumstances is properly classified as reasonable. Here, while the defendant was on probation he committed numerous crimes. Although the district court could have reached an alternate conclusion, it cannot be said that no reasonable person would have imposed the defendant's prison sentences in this case."

The State's analysis is correct. This court simply cannot say that no reasonable person would agree with the district court's decision to revoke Yardley's probation and impose his underlying prison term.

Despite the district court's act of grace in granting Yardley the privilege of probation when he was facing a presumptive prison term of more than 11 years, Yardley

5

squandered the opportunity by violating the conditions of his probation in multiple ways. Moreover, not only did Yardley commit new offenses while on probation, he committed aggravated battery—a violent person felony. See K.S.A. 21-5413(h)(2)(A)-(D). In revoking Yardley's probation and imposing his original sentence, the district court expressly considered the defendant's criminal history, the gravity of his underlying offenses, and the continuing safety risk he posed to the public "not through his drug use, but through his violence."

We find that a reasonable person could agree with the district court's conclusion that revocation of Yardley's probation was warranted. We affirm the district court's decision to revoke Yardley's probation and to order that he serve his underlying prison term of 136 months for both cases.

Affirmed.